UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: HSBC MORTGAGE CORPORATION
FORCE-PLACED HAZARD INSURANCE
LITIGATION                                                                                                MDL No. 2464


ORDER DENYING TRANSFER


**Before the Panel**: Pursuant to 28 U.S.C. § 1407, plaintiffs in one action move to centralize this litigation in the Eastern District of Pennsylvania.[1] This litigation currently consists of two actions pending in two districts as listed on Schedule A. The actions involve allegedly abusive practices in the unilateral "forced" placement of hazard insurance by HSBC Bank ("HSBC")[2] and Assurant[3] on borrowers with mortgages serviced by HSBC. Plaintiff in the Southern District of Florida action opposes centralization. Defendants HSBC and Assurant support centralization.

Less than a year ago, the Panel denied a motion to centralize force-placed insurance litigation against eight major mortgage lenders – including HSBC – on an industry-wide basis. *See In re: Mortgage Lender Force-Placed Ins. Litig.*, 895 F. Supp. 2d 1352, 1353-54 (J.P.M.L. 2012). At that time, the Panel also determined that centralization on a lender-specific basis was not warranted. *See id.* at 1353 & n.2.

Movants contend that centralization of the two actions listed on Schedule A is now appropriate because common factual and legal issues are raised by plaintiffs' claims that HSBC and Assurant improperly place one type of insurance – hazard insurance – at excessive premiums and fees, and engage in other abuses in violation of numerous laws. Movants also argue that (1) unlike the motion the Panel denied last year, the current motion focuses on a single lender – HSBC – and a single category of insurance; and (2) centralization is necessary to address the difficulties in

---

[1] This motion was heard with three related motions at the same hearing session. The related motions concern centralization of force-placed hazard insurance litigation against three other banks and the insurance companies they utilize to place such insurance. *See* MDL No. 2465, In re: JPMorgan Chase Bank, N.A., Mortg. Corp. Force-Placed Hazard Ins. Litig.; MDL No. 2466, In re: Wells Fargo Bank, N.A., Mortg. Corp. Force-Placed Hazard Ins. Litig.; MDL No. 2467, In re: Bank of America, N.A., Mortg. Corp. Force-Placed Hazard Ins. Litig.

[2] "HSBC" refers to HSBC Bank USA, N.A.; HSBC Mortgage Corporation (USA); HSBC Mortgage Services Inc.; Household Finance Corporation; and Beneficial Financial I Inc.

[3] "Assurant" refers to Assurant, Inc.; American Security Insurance Co.; and Voyager Indemnity Insurance Co.

-2-

coordinating the litigation with the competing group of plaintiffs' counsel. In response, plaintiff in the Southern District of Florida action argues that circumstances have not changed significantly to warrant reconsideration of last year's denial of centralization on a lender-specific basis, and the minimal number of actions involved further demonstrates that centralization is not necessary.

On the basis of the papers filed and the hearing session held, we will deny the motion. Although the two actions concern alleged abuses by HSBC and Assurant with respect to their force-placed hazard insurance practices, the Panel is not persuaded that Section 1407 centralization is necessary for the convenience of the parties and witnesses or for the just and efficient conduct of this litigation. The Panel previously denied centralization on a lender-specific basis, finding, *inter alia*, that individualized discovery and legal issues were likely to be numerous and substantial in light of the variation in mortgage contracts on key issues.[4] That earlier denial does not preclude the Panel from reaching a different result here, but the Panel grants reconsideration "only rarely … where a significant change in circumstances has occurred." *See In re Plavix Mktg., Sales Practices & Prods. Liability Litig. (No. II),* — F. Supp. 2d —, 2013 WL 565971, at *1 (J.P.M.L. Feb. 12, 2013).

Having reviewed the updated record, we do not find any new circumstances that warrant reconsideration. Movants have not discussed the variation in mortgage contracts on the key issues earlier identified by the Panel, and thus individualized discovery and legal issues seem likely to remain substantial. Furthermore, the number of actions involved is low, and additional actions appear unlikely.

Additionally, the record indicates that informal coordination is practicable, notwithstanding past difficulties among competing plaintiffs' counsel in coordinating similar litigation. HSBC and Assurant each have common counsel in the two actions. At oral argument, opposing plaintiff's counsel in the Southern District of Florida action represented that they will cooperate with movants' counsel in the coordination of the two actions. Given that express representation, the limited number of involved actions, and the overlap among counsel, we believe that informal coordination is feasible and preferred. *See In re: Boehringer Ingelheim Pharm., Inc., Fair Labor Standards Act (FLSA) Litig.*, 763 F. Supp.2d 1377, 1378 (J.P.M.L. 2011).

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

---

[4] *See In re: Mortgage Lender Force-Placed Ins. Litig.*, 895 F. Supp. 2d at 1353 & n.2.

-3-

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Sarah S. Vance |

**IN RE: HSBC MORTGAGE CORPORATION**
**FORCE-PLACED HAZARD INSURANCE**
**LITIGATION** MDL No. 2464

**SCHEDULE A**

<u>Southern District of Florida</u>

Javier Lopez v. HSBC Bank USA, N.A., et al., C.A. No. 1:13-21104

<u>Eastern District of Pennsylvania</u>

LaQuenta Montanez, et al. v. HSBC Mortgage Corporation (USA), et al.,
    C.A. No. 2:11-04074