UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:13-cv-21104-FAM

DARLENE DIAZ, on behalf of herself and all others
similarly situated,

        Plaintiff,

v.

HSBC USA, N.A.; HSBC MORTGAGE CORP.;
HSBC FINANCE CORP.; BENEFICIAL
COMPANY, LLC; BENEFICIAL FINANCIAL I,
INC.; HFC COMPANY, LLC; HSBC CONSUMER
LENDING (USA), INC.; HSBC MORTGAGE
SERVICES, INC.; ASSURANT, INC.; AMERICAN
SECURITY INSURANCE COMPANY; and
STANDARD GUARANTY INSURANCE
COMPANY

        Defendants.
_____/

## ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE, AND SCHEDULING FINAL APPROVAL HEARING

THIS CAUSE came before the Court upon arguments held on March 13, 2014. Upon review and consideration of Plaintiff's Motion for Preliminary Approval of Class Action Settlement, including the parties' Stipulation and Settlement Agreement (the "Settlement" or the "Agreement") and all Revised Exhibits thereto, and having been fully advised in the premises, it is

**ADJUDGED** that:

1.     **Settlement**. Plaintiff[1] and Defendants have negotiated a potential settlement of this Action to avoid the expense, uncertainties, and burden of protracted litigation. Upon the Effective Date, Plaintiff and each Settlement Class Member shall, by operation of the Final Approval Order, be deemed to have fully, conclusively, irrevocably, forever and finally released, relinquished and

---

[1]     Unless otherwise defined, capitalized terms in this Order have the definitions found in the Agreement.

1

discharged the Released Parties, along with their respective past, present and former divisions, predecessors, successors and assigns, and the past, present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint ventures, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors and assigns of the Released Parties and of each and every other person and entity described in this Paragraph, from any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, promises, damages, penalties, attorneys' fees and costs, liens, judgments and demands of any kind whatsoever that each Settlement Class Member may have on or before the Effective Date or may have had in the past, whether in arbitration, administrative or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law or any other source, that were or could have been sought or alleged in the Action or that relate, concern, arise from, or pertain in any way to any Released Party's conduct, policies or practices concerning hazard LPI Policies placed or charged by any of the Released Parties during the Class Period.

2. **Review.** The Court has carefully reviewed the Agreement, including the Revised Exhibits, as well as the files, records, and proceedings to date in this Action. The terms and conditions in the Agreement are incorporated herein as though fully set forth in this Order.

3. **Preliminary Approval.** The Agreement entered into by and among plaintiff Darlene Diaz, on behalf of herself and the Settlement Class, and Defendants HSBC Bank USA, N.A., HSBC Mortgage Corporation (USA), Inc., HSBC Finance Corporation, Beneficial Company LLC, Beneficial Financial I Inc., HFC Company LLC, HSBC Consumer Lending (USA) Inc., HSBC Mortgage Services Inc., Assurant, Inc., American Security Insurance Company and Standard Guaranty Insurance Company, has been negotiated at arm's length and is approved on a preliminary basis as fair, reasonable, adequate, and within the range of possible approval.

4. **Settlement Class Relief.** The proposed relief to the Settlement Class Members, as identified in Sections 3 and 4 of the Agreement, is approved on a preliminary basis as fair,

reasonable, adequate, and within the range of possible approval. The Settlement Class shall consist of all borrowers in the United States who, within the Class Period, were charged by the HSBC Defendants and/or their respective subsidiaries and affiliates as insureds or additional insureds under a hazard LPI Policy. The following people are excluded from the Settlement Class: (a) individuals who are or were during the Class Period officers or directors of the Defendants or any of their respective subsidiaries and/or affiliates; (b) any justice, judge or magistrate judge of the United States or any State, their spouses and persons within the third degree of relationship to either of them, or the spouses of such persons; (c) borrowers whose hazard LPI Policy was cancelled in its entirety such that any premiums charged and/or collected were fully refunded or credited to the borrower; and (d) all borrowers who file a timely and proper Request for Exclusion in accordance with Paragraph 11.1 of the Agreement.

5. **Preliminary Certification of Settlement Class**. The Court makes the following determinations as to certification of the Settlement Class:

(a) The Court preliminarily certifies the Settlement Class for purposes of settlement only, under Fed. R. Civ. P. 23(a) and (b)(3);

(b) The Settlement Class is so numerous that joinder of all members is impracticable;

(c) There are questions of law or fact common to the members of the Settlement Class;

(d) The claims of Plaintiff are typical of the claims of the other members of the Settlement Class;

(e) Plaintiff is capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Agreement;

(f) Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

(g) The Settlement Class is ascertainable; and

(h) Resolution of the claims in this Action by way of a nationwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

6. **Designation of Class Representatives**. Plaintiff Darlene Diaz is designated as representative of the Settlement Class for the sole purpose of seeking a settlement of this Action.

7. **Designation of Class Counsel**. The law firms of Kozyak, Tropin, & Throckmorton, P.A., Podhurst Orseck, P.A., and Harke Clasby & Bushman LLP are hereby designated as Class Counsel for the Settlement Class.

8. **Final Approval Hearing**. To allow adequate time to provide Mail Notice to the Settlement Class and to provide notice pursuant to the Class Action Fairness Act, the Parties have agreed that the Final Approval Hearing should not occur earlier than one hundred fifty (150) days after the entry of this Order. A hearing regarding final approval of the Settlement will be held at **10:00 a.m.** on **September 18, 2014** in Courtroom 13-3, before the Honorable Federico A. Moreno, to determine, among other things: (a) whether the Settlement of the Action should be approved as fair, reasonable, and adequate and within the range of possible approval; (b) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement; (c) whether Settlement Class Members should be bound by the Releases set forth in the Settlement; (d) whether Settlement Class Members should be subject to a permanent injunction which, among other things, bars Settlement Class Members who have not opted out, from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), organizing, or soliciting the participation of other Settlement Class Members to pursue any action in any jurisdiction based on or relating to any of the Released Claims (as defined in the Agreement) or the facts and circumstances relating thereto against any Released Party; and (e) whether the application of Class Counsel for an award of attorneys' fees and expenses and the proposed service award to Plaintiff should be approved. Class Counsel shall file their application for an award of attorneys' fees and expenses no later than thirty days before the Claim Deadline.

9. **Class Notice**.

(a) The Court finds that the notice program set forth in the Agreement, as modified by this Order, is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Action, the terms of the Agreement and their right to object to the Settlement or exclude themselves from the Settlement Class. The Court further finds that the Mail Notice and the other forms of Class Notice in the Agreement are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process.

(b) The Court approves the Class Notice in the Agreement, with the following modifications. The Mail Notice shall consist of Revised Exhibit 2 to the Agreement and be sent together with the Claim Form, as set forth in Revised Exhibit 3 to the Agreement. The parties shall also prepare a Spanish-language translation of the Mail Notice and Claim Form, which will be sent with the Mail Notice.

(c) The Mail Notice shall be mailed together with the Claim Form not less than ninety (90) days before the date set by the Court for the Final Approval Hearing.

(d) No later than the date the Claims Administrator commences sending the Mail Notice, the Claims Administrator shall establish the Settlement Website which shall contain copies of the Agreement and Revised Exhibits, including Spanish language versions of Revised Exhibits 1, 2 and 3. The Claim Form, with instructions, shall be able to be downloaded or printed from the Settlement Website. Settlement Class members shall have the option either to: (i) submit their completed Claim Form via U.S. Mail or private carrier no later than sixty (60) days after the date upon which the Court issues the Final Approval Order; or (ii) submit their Claim Form by uploading the completed form (with all necessary verifications) to the Settlement Website no later than sixty (60) days after the date upon which the Court issues the Final Approval Order. The Settlement Website shall have a Uniform Resource Locator which identifies the Settlement Website as www.diazsettlementinfo.com, or as close to that as may be reasonably obtainable. The Settlement Website shall remain open and accessible through the last day for Settlement Class Members to submit a Claim for a Settlement Payment.

(e) The Claims Administrator shall publish notice of the Settlement, not to exceed one-eighth (1/8) of a page in size, in a national weekday (i.e., Monday-Thursday) edition of *USA Today* at or around the date the Mail Notice is sent. The Publication Notice shall be in the form of Revised Exhibit 1.

(f) The Claims Administrator shall establish a toll-free interactive voice response ("IVR") phone number with script recordings of information about the Settlement, including information about the Claim Form, utilizing the relevant portions of the language contained in the Mail Notice and Claim Form. The phone number shall remain open and accessible through the last day for Settlement Class Members to submit a Claim Form. The Claims Administrator shall make reasonable provision for Class Counsel to be promptly advised of recorded messages left on the phone number by Settlement Class Members concerning the Action and/or this Settlement, so that Class Counsel may timely and accurately respond to such inquiries.

(g) No later than ten (10) days prior to the Final Approval Hearing, Defendants shall obtain from the Claims Administrator and shall file with the Court proof of mailing the Mail Notice, establishing the Settlement Website and publishing the Publication Notice.

10. **Claim Deadline.** To be valid, all Claim Forms must be post-marked or submitted on the Settlement Website no later than sixty (60) days after the date upon which the Court issues the Final Approval Order.

11. **Claims Administrator**. The Court authorizes the HSBC Defendants, in their sole discretion, but subject to Court review upon petition of one of the Parties, to retain one or more administrators to implement the terms of the Agreement, and authorizes and directs such Claims Administrator(s) to: (a) mail the Mail Notice; (b) establish the IVR phone line system; (c) establish the Settlement Website; (d) receive and process Settlement Claim Forms; (e) arrange for publication of the Publication Notice; and (f) carry out such other responsibilities as are provided for in the Agreement or may be agreed to by the Parties in the Action.

12. **Exclusion from the Settlement Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must send a written Request for Exclusion to the Claims

6

Administrator, postage prepaid, to the address provided in the Mail Notice and Settlement Website. Any such Request for Exclusion must be postmarked no later than thirty (30) days before the Final Approval Hearing.

 (a) To be valid, the Request for Exclusion must: (i) identify the case name; (ii) identify the name and address of the Settlement Class Member; (iii) be personally signed by the Settlement Class Member requesting exclusion; and (iv) contain a statement that indicates a desire to be excluded from the Settlement Class in the Action, such as "I hereby request that I be excluded from the proposed Settlement Class in the Diaz Class Action." Mass or class opt outs are not allowed.

 (b) A Settlement Class Member who desires to opt out must take timely affirmative written action pursuant to this Order and the Agreement, even if the Settlement Class Member desiring to opt out of the Class: (i) files or has filed a separate action against any of the Released Parties (as defined in the Agreement); or (ii) is, or becomes, a putative class member in any other class action filed against any of the Released Parties.

 (c) Persons in the Settlement Class who do not timely and properly file a Request for Exclusion in compliance with the Agreement and this Order will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Effective Date (as defined in the Agreement), will be bound by the Settlement terms, including, but not limited to, the Releases in Section 10 of the Agreement.

 (d) If the proposed Settlement is finally approved, any person in the Settlement Class who has not submitted a timely written Request for Exclusion from the Settlement Class shall be bound by all proceedings, orders and judgments in this Action, even if he or she has pending, or subsequently initiates, litigation against any Released Party relating to any of the Released Claims.

 13. **Objections and Appearances**. Any person in the Settlement Class who has not filed a timely written Request for Exclusion and who complies with the requirements of this Section may object to any aspect of the proposed Settlement either on his or her own or through an attorney hired at his or her expense. Any person in the Settlement Class who wishes to object to the

Settlement must do so in writing and must file with the Clerk of the Court and serve on Class Counsel and Defendants' Counsel, at the addresses listed below, a written statement of objection in accordance with the requirements set forth below and in the Agreement no later than thirty (30) days before the Final Approval Hearing:

### For Plaintiff and Settlement Class

Adam M. Moskowitz, Esq.
Kozyak, Tropin & Throckmorton, P.A.
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508

### For HSBC Defendants

Julia Strickland, Esq.
Lisa Simonetti, Esq.
Stroock & Stroock & Lavan LLP
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: (310) 556-5800
Facsimile: (310) 556-5959

### For Assurant Defendants

Frank G. Burt, Esq.
Farrokh Jhabvala, Esq.
Carlton Fields Jorden Burt
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington DC 20007-5208
Telephone: (202) 965-8140
Facsimile: (202) 965-8104

    (a)    The requirements to assert a valid written objection shall be set forth in the Class Notice and on the Settlement Website, and shall include: (i) the case name and number; (ii)

the name, address, telephone number of the person objecting and, if represented by counsel, of his/her counsel; (iii) the basis for the objection; and (iv) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel;

(b) Any person in the Settlement Class who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means;

(c) Any Settlement Class Member who submits a timely written objection may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if that the objecting Settlement Class Member: (i) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear"), which must include the case name and number and the Settlement Class Member's name, address, telephone number, and signature, by the Objection Deadline; and (ii) serves the Notice of Intention to Appear on all counsel designated in the Mail Notice by the Objection Deadline. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing. Any attorney who intends to represent an objecting Settlement Class Member at the Final Approval Hearing must do so at the Settlement Class Member's expense and must file a notice of appearance at least two weeks before the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention to Appear in compliance with this Order, the Agreement and the Class Notice will not be entitled to appear at the Final Approval Hearing to raise any objections.

14. **Releases**. If the Settlement is finally approved, all Settlement Class Members who have not filed a timely and proper Request for Exclusion shall be deemed to release the Released Parties from all Released Claims, as described in Section 10 of the Agreement.

15. **Stay and Preliminary Injunction.** All proceedings in this Action are stayed, except as necessary to effectuate the terms of the Settlement. All Settlement Class Members who do not timely exclude themselves from the Settlement Class are enjoined from directly or indirectly: (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit (regardless of whether that lawsuit has or has not already been filed) in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims; or (ii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit, including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims.

16. **Service of Papers.** Defendants' counsel and Class Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members. Defendants' counsel and Class Counsel shall promptly furnish to each other any and all objections or written Requests for Exclusion that may come into their possession and shall file such objections or Requests for Exclusion with the Court on or before the date of the Final Approval Hearing, unless such documents already appear on the Action's PACER docket.

17. **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the proposed Settlement is not finally approved by the Court, or the Effective Date does not otherwise occur; or (b) the Agreement is terminated by the terms of the Agreement for any other reason. In such event, and except as provided therein, the proposed Agreement shall become null and void and be of no further force and effect; the terms and provisions of this Agreement will have no further force and effect with respect to the Parties and will not be used in the Action, or in any other proceeding for any

purpose; all communications and documents related to the Settlement will be subject to Federal Rule of Evidence 408 and all other applicable settlement, negotiation and mediation privileges; the Final Approval Order or other judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated, *nunc pro tunc.*; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Agreement nor the Court's orders, including, without limitation, this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

18. **Use of Order Following Termination of Settlement.** This Order shall be of no force and effect if the Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against any Released Party of any fault, wrongdoing, breach, or liability, or by or against Plaintiff or any Settlement Class Members that their claims lack merit or that the relief requested in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses they may have.

DONE and ORDERED in Chambers at Miami, Florida, this _____ day of _____, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record