UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-21104-CIV-MORENO

DARLENE DIAZ,

    Plaintiff,

vs.

HSBC BANK USA, N.A., *et al.*,

    Defendant.
_____/

## ORDER DENYING MOTION TO INTERVENE

This case involves force-placed hazard insurance. On **March 13, 2014**, this Court held a hearing on the Parties' Motion for preliminary approval of class action settlement. At that time, the Court also entertained the Movants Debra Kirktindoll, Timothy Brooks, Jean Francios DeHaerne, Patricia DeHaerne, Ruth Streich, Robert Streich, Mark Wakefield, and Tammy Wakefield's (collectively "Movants") Motion to Intervene. For the reasons addressed below, this Court DENIES Movants' Motion to Intervene **(D.E. No. 105)**.

### I. Procedural Background

Movants are Plaintiffs in *Montanez v. HSBC Corp.*, a case pending in the Eastern District of Pennsylvania. The *Montanez* case involves similar claims for damages from force-placed hazard insurance as those in this case, as well as claims for force-placed flood insurance and RICO violations that are not included in the present case. It is not disputed that, should this Court approve a settlement in this case, that claims for force-placed hazard insurance would be foreclosed in the *Montanez* action, as the plaintiffs would be members of the class. RICO and flood insurance claims, however would survive.

After a settlement agreement was reached in this case, the Movants mediated with HSBC, and

came to an agreement that they argue is better for the entire class. In part, the purported settlement would include flood insurance claims as well. Class Counsel, however, did not attend the mediation hearing and opted not to reopen settlement negotiations. Class Counsel's stated reason for this is that Flood insurance damages represent a very small portion of the total damages to the class.

## II. The Movants have not satisfied the requirements to intervene as a matter of right

Fed. R. Civ. P. Rule 24 governs requests for intervention. Parties may intervene as a matter of right under Rule 24(a). To intervene as a right the movant must demonstrate that "(1) the application to intervene is timely; (2) the party has an interest relating to the property or transaction which is subject to the action; (3) the party is situated so that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) the party's interest is represented inadequately by the existing parties to the suit." *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 272 Fed. Appx. 817, 819 (11th Cir. 2008).

To begin, Movants have made no showing that their ability to protect their interest will be impeded by failure to intervene. Movants' would be fully able to protect their interest by opting out of the class and litigating their case separately, or objecting to the settlement if they chose to remain in the case. *See Grilli v. Metro. Life Ins. Co., Inc.*, 78 F.3d 1533, 1536 (11th Cir. 1996). While hazard insurance claims would be foreclosed, Movants and other members of the *Montanez* class would be free to continue to litigate their RICO and flood insurance claims. Because the Movants can adequately protect their interests, they cannot intervene as a matter of right.

Additionally, the Motion to Intervene was not timely. The factors considered by the Eleventh Circuit in determining whether a motion to intervene was timely include

> (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest;

(3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

All factors counsel against finding that the movants were timely. This case has been pending for some time. The Plaintiffs originally were part of *Hall v. Bank of America, N.A.*, a larger class action suit against five major banks, including HSBC, filed in November 2012. Movants' counsel filed a motion in the Eastern District of Pennsylvania to centralize this action with *Montanez* in a multidistrict proceeding in May 2013. Nevertheless, Movants waited until the evening of March 12, 2014 - the night before the preliminary approval hearing - to file their motion to intervene.

Further, the Movants knew of the settlement for a significant time before the hearing. The Parties moved this Court to stay the case pending a settlement on January 2, 2014. The Court granted that stay on February 24, 2014. Plaintiff moved for preliminary approval of the settlement on February 28, 2014. Knowing all of this, Movants mediated with HSBC on February 21, 2014. They then waited three weeks to file their motion to intervene.

Further, allowing the Movants to intervene at this late stage would prejudice the existing parties. By allowing the Movants to intervene at this late stage would send the parties back to mediation with Movants counsel and would delay and jeopardize a settlement reached through arm's length negotiations. *See Campbell v. Hall-Mark Electronics Corp.*, 808 F.2d 775, 779 (11th Cir. 1987).

As discussed above, Movants' interests would not be prejudiced by denying their motion to intervene. Likewise, the Movants have presented no unusual circumstances that would militate in favor of finding that the application was timely.

### III. The Movants have not satisfied the requirements for permissive intervention

Under Rule 24(b), the Court may grant movants permission to intervene. "Permissive intervention under Fed. R. Civ. P. 24(b) is appropriate where a party's claim or defense and the main

action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005).

The parties in this litigation have been negotiating a settlement for months. A settlement has been reached, and the Court has preliminarily approved the class action settlement. Permitting the intervention at this late juncture would require renegotiation and would disrupt the settlement. Anything the Movants wish to accomplish as intervenors, they can accomplish as objectors. *See Grilli v. Metro. Life Ins. Co., Inc.*, 78 F.3d at 1536. Thus, the Court will not permit the movants to intervene.

## IV. Conclusion

THIS CAUSE came before the Court upon Debra Kirktindoll, Timothy Brooks, Jean Francios DeHaerne, Patricia DeHaerne, Ruth Streich, Robert Streich, Mark Wakefield, and Tammy Wakefield's (collectively "intervenors") Motion to Intervene **(D.E. No. 105)**, filed on **March 12, 2014**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 24th day of March, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record