UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-21104-CIV-MORENO

DARLENE DIAZ,

    Plaintiff,

vs.

HSBC BANK USA, *et al.*,

    Defendants.
_____/

## ORDER DENYING THE MOTION FOR RECONSIDERATION

THIS CAUSE came before the Court upon the Motion for Reconsideration of the March 24, 2014 Order Denying Motion to Intervene and Order Granting Motion for Preliminary Approval of Class Action Settlement and certifying Class for Settlement Purposes **(D.E. No. 118)**, filed on **March 28, 2014**.

After considering the motion, response, and the pertinent portions of the record, and being otherwise fully advised in the premises, the Court finds that the Denied Intervenors have failed to present a convincing cause for reconsideration. A motion for reconsideration "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Meagher's Nursery, Inc. v. Randolph Equities, LLC*, No. 06-cv-80687, 2007 WL 1695998, at *1 (S.D. Fla. Jun. 11, 2007) (citation omitted). The basis of Denied Intervenors' Motion is that the "sole plaintiff and class representative" of this action, Mr. Javier Lopez, was employed by and later became a partner/shareholder of Class Counsel in this case. However, Mr. Lopez's relationship at the inception of this case with one of the law firms has no bearing on this Settlement. Not only was Mr. Lopez's involvement known to the parties to this case and was a matter of public record, but moreover, the Settlement itself actually

involved Ms. Diaz as the class representative. Notably, the fact that Mr. Lopez may be an employee of one of the eight law firms representing the plaintiff does not divest him of standing to file a lawsuit, nor would it automatically make him an inadequate class representative. Nonetheless, the presence of Plaintiff Ms. Darlene Diaz eliminates any basis for doubting the independence of the class representatives. *See Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009) (adequacy satisfied as long as one representative is adequate). In fact, Plaintiff added Ms. Diaz as a class representative in this case before any settlement meetings were ever conducted. (D.E. 83.) The First Amended Complaint, as well as the Defendants' answers to the First Amended Complaint, only included Ms. Diaz (D.E. 108), not Mr. Lopez. The Motion for Preliminary Approval identified Ms. Diaz as the only named plaintiff and also indicated that she would be the only class representative to receive any proposed incentive award. (D.E. 101.) The Settlement Agreement itself recognized that Ms. Diaz was the class representative and accordingly she was the only class representative to sign the Settlement Agreement. *See* Settlement Agreement (D.E.101-1 at 43.)

The Denied Intervenors have failed to raise any fact or law that would justify reconsideration of the Court's preliminary approval order. This Settlement was reached only after extensive litigation and mediation before former Eleventh Circuit Judge Stanley Birch, extensive briefing by all parties (including the Denied Intervenors), and a two-hour hearing.

In light of these facts, the Court hereby finds that reconsideration is inappropriate. It is **ADJUDGED** that the motion is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd day of May, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record