UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number: 13-21104-CIV-MORENO

DARLENE DIAZ,

     Plaintiff,

vs.

HSBC BANK USA, *et al.*,

     Defendants.

_____/

## ORDER GRANTING MOTION FOR CLARIFICATION

THIS CAUSE came before the Court upon Defendants Assurant, Inc., American Security Insurance Company, and Standard Guaranty Insurance Company's Motion for Clarification of Order Denying Motion to Intervene **(D.E. No. 120)**, filed on **March 28, 2014**.

After considering the motion, response, and the pertinent portions of the record, and being otherwise fully advised in the premises, the Court hereby GRANTS Defendants' Motion.

The Court clarifies its Order because, as written, the Order Denying Motion to Intervene **(D.E. 114)** could be misinterpreted to suggest that the preliminarily approved class action settlement does not release *all* claims that were made or could have been made in connection with the lender placed hazard insurance transactions about which the settlement class complain. The Order states that, should the settlement in this case receive final approval, those claims "would be foreclosed in the *Montanez* action as the plaintiffs would be members of the class." D.E. 114 at 1. The next sentence reads: "RICO and flood insurance claims, however, would survive." *Id.* This statement is misleading because, first, the *Montanez* action does not assert any flood insurance claims, and second, a RICO claim arising from the same hazard insurance

placements *would* be foreclosed because of the *Montanez* plaintiffs' membership in the settlement class.

The *Montanez* plaintiffs are not free to litigate either RICO or flood insurance claims. Regardless of the theory of recovery asserted, the *Montanez* hazard claims fall squarely within the preliminarily approved settlement in this case. Not only does the plain language of the settlement extinguish the *Montanez* plaintiffs' RICO claims, so too do fundamental principles of *res judicata* and claim preclusion. Upon final approval of the settlement and entry of a judgment, the *Montanez* plaintiffs may no longer relitigate their claims. *Adams v. S. Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1289-90 (11th Cir. 2007). The law in the Eleventh Circuit and elsewhere is clear regarding the claim preclusive effect of a broad class action release like the one preliminarily approved in this case. Upon final approval, the "Released Claims of Plaintiff and Settlement Class Members" will extinguish the *Montanez* plaintiffs' claims and any other claims arising from settlement class members' LPI transactions during the Class Period. It is irrelevant that the *Montanez* plaintiffs' RICO claims "depend on a different legal theory than the claims asserted in the class action or require [them] to prove matters in addition to or different from the claims asserted in the class action. The claim release extends to 'any and all causes of action . . . of whatever kind, source, or character' that are related to matters addressed in the class action." *Thomas v. Blue Cross and Blue Shield Assoc.*, 594 F.3d 814, 822 (11th Cir. 2010).

In short, both the terms of the Stipulation and Settlement Agreement and the principles of *res judicata* extinguish any causes of action that were brought or could have been brought by the Settlement Class regarding their hazard policies upon entry of a final judgment in this case.

-2-

The March 24, 2014 Order Denying Motion to Intervene **(D.E. No. 114)** is hereby modified *nunc pro tunc* by deleting the following two sentences:

> (1) the last sentence of the second paragraph on page 1 ("RICO and flood insurance claims, however would survive."); and

> (2) the second-to-last sentence of the second full paragraph on page 2 ("While hazard insurance claims would be foreclosed, Movants and other members of the *Montanez* class would be free to continue to litigate their RICO and flood insurance claims.").

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of May, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record