UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:13-cv-21104-MORENO

DARLENE DIAZ, on behalf of herself and all others similarly situated,

      Plaintiff,

v.

HSBC USA, N.A.; HSBC MORTGAGE CORP.; HSBC FINANCE CORP.; BENEFICIAL COMPANY, LLC; BENEFICIAL FINANCIAL I, INC.; HFC COMPANY, LLC; HSBC CONSUMER LENDING (USA), INC.; HSBC MORTGAGE SERVICES, INC.; ASSURANT, INC.; AMERICAN SECURITY INSURANCE COMPANY; and STANDARD GUARANTY INSURANCE COMPANY,

      Defendants.

_____/

**ORDER GRANTING FINAL APPROVAL TO**
**<u>CLASS ACTION SETTLEMENT</u>**

On March 24, 2014, this Court granted preliminary approval to the proposed class action settlement set forth in the Stipulation and Settlement Agreement between Plaintiff Darlene Diaz, on behalf of herself and all Settlement Class Members, and Defendants HSBC Bank (USA), N.A., HSBC Mortgage Corp. (USA), Inc., HSBC Finance Corp, Beneficial Company LLC, Beneficial Financial I, Inc., HFC Company LLC, HSBC Consumer Lending (USA), Inc., HSBC Mortgage Services, Inc., Assurant, Inc., American Security Insurance Company, and Standard Guaranty Insurance Company (collectively, "Defendants"). The Court also provisionally certified the Settlement Class for settlement purposes, approved the procedure for giving Class

Notice to the members of the Settlement Class, and set a Final Approval Hearing to take place on September 18, 2014.

Subsequently, on September 18, 2014, the Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the Plaintiff's operative complaint on the merits and with prejudice in favor of the Defendants and against all persons or entities who are Settlement Class Members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award counsel for the Settlement Class as attorneys' fees and expenses and whether and in what amount to award a service award to Plaintiff.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has personal jurisdiction over the Parties and the Settlement Class Members, venue is proper, the Court has subject matter jurisdiction to approve the Agreement, including all Revised Exhibits thereto, and to enter this Final Approval Order and Judgment. Without in any way affecting the finality of this Final Approval Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Agreement and of this Final Approval Order and Judgment, and for any other necessary purpose, including, but not limited to, enforcement of the Releases contained in the Agreement and entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Agreement.

2. The Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this Action and of the strengths and weaknesses of their respective positions. The Agreement was reached after the Parties had engaged in

mediation and extensive negotiations. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law.

3.  The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b) have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class she seeks to represent; (d) Plaintiff has and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

4.  Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Agreement, which shall consist of all borrowers in the United States who, between January 1, 2005 and March 24, 2014 (the "Class Period"), were charged by the HSBC Defendants and/or their respective subsidiaries and affiliates as insureds or additional insureds under a hazard Lender-Placed Insurance Policy. The following people are excluded from the Settlement Class: (a) individuals who are or were during the Class Period officers or directors of the Defendants or any of their respective subsidiaries or affiliates; (b) any justice, judge or magistrate judge of the United States or any State, their spouses and persons within the third degree of relationship to either of them, or the spouses of such persons; (c) borrowers

whose hazard Lender-Placed Insurance Policy was cancelled in its entirety such that any premiums charged and/or collected were fully refunded or credited to the borrower; and (d) all borrowers who filed a timely and proper Request for Exclusion in accordance with Paragraph 11.1 of the Agreement.

5. The Court designates the law firms of Kozyak, Tropin, & Throckmorton, P.A., Podhurst Orseck, P.A., and Harke Clasby & Bushman LLP as Class Counsel for the Settlement Class.

6. The Court designates plaintiff Darlene Diaz as the Settlement Class representative.

7. The Court finds that the Mail Notice, the creation of the interactive voice recording toll-free telephone number system and the Settlement Website, and the Publication Notice, all as provided for in the Agreement, as modified by the Preliminary Approval Order: (a) constituted the best practicable notice under the circumstances to Class Members; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing; (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and (d) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

8. There are approximately 252,464 class members. The Court has received the request to withdraw the objection filed by Kessler Topaz Meltzer & Check, LLP on behalf of Debra Kirktindoll, Timothy Brooks, Jean Francois and Patricia DeHaerne, Mark and Tammy

Wakefield, Christopher Maxwell, Matt and Gladys Wooden, and LaQuenta and Sergio Montanez, ECF No. 171. The request to withdraw these objections is granted.

9. Only two *pro se* Class Members objected, Walter Meloy, ECF No. 157, and Daniel Pailes, ECF No. 116. Mr. Meloy believes "the claims procedure is unreasonably restrictive" because "Class members who cannot document their charges and/or payments for Lender-Placed Insurance hazard insurance should still receive a minimal payment." ECF No. 157 ¶12. However, all eligible Settlement Class Members who submit valid claims will receive monetary relief without any need to "document their charges." Mr. Meloy's objection is overruled.

10. Mr. Pailes is concerned that the Settlement "may obstruct me in getting to my claims." ECF No. 116 at 1. His objections "lack[] merit because the objectors can simply opt out if they have concerns about releasing their claims." *In re Managed Care Litig.*, MDL No. 1334, 2003 WL 22850070, at *5 (S.D. Fla. Oct. 24, 2003). Moreover, Mr. Pailes' individual lawsuit's complaint about HSBC hazard and flood Lender-Placed Insurance charges, *Pailes v. HSBC Mortgage Services, Inc.*, No. 10-11509-CIV (D. Mass.) *(Pailes* ECF No. 37), was dismissed with prejudice on November 30, 2012 *(Pailes* ECF No. 53), the First Circuit thereafter affirmed *(Pailes* ECF No. 66), and the United States Supreme Court denied Mr. Pailes' certiorari petition on June 23, 2014 *(Pailes* ECF No. 70). Mr. Piles' objection is overruled.

11. The Settlement is finally approved as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Agreement, including all Revised Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, adequate as to, and in the best interests of the Settlement Class Members.

12. The Parties are hereby directed to implement and consummate the Settlement according to its terms and provisions, as modified by the Orders of this Court.

13. Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel attorneys' fees and expenses in the amount of $10,000,000 payable pursuant to the terms of the Agreement. The Court also awards a service award in the amount of $5,000 to Darlene Diaz payable pursuant to the terms of the Agreement.

14. The terms of the Agreement, including all Revised Exhibits thereto, and of this Final Approval Order and Judgment, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by the Plaintiff and all other Settlement Class Members, as well as their respective heirs, beneficiaries, administrators, successors, and assigns.

15. The Releases, which are set forth in Section 10 of the Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order and Judgment. The Released Parties (as that term is defined below and in the Agreement) are forever released, relinquished, and discharged by the Releasing Parties (as that term is defined below and in the Agreement) from all Released Claims (as that term is defined below and in the Agreement).

    (a)    <u>Release and Waiver Definitions</u>.

        (i)    "Assurant Defendants" means Assurant, Inc., American Security Insurance Company and Standard Guaranty Insurance Company.

        (ii)    "HSBC Defendants" means HSBC Bank USA, N.A., HSBC Mortgage Corporation (USA), Inc., HSBC Finance Corporation, Beneficial Company LLC,

Beneficial Financial I Inc., HFC Company LLC, HSBC Consumer Lending (USA) Inc. and HSBC Mortgage Services Inc.

    (iii) "Defendants" mean all named defendants in the Action.

    (iv) "Effective Date" means fifteen (15) days following the last of the following dates: (a) the entry of the Final Approval Order; and (b) the final disposition of any related appeals, and in the case of no appeal or review being filed, expiration of the applicable appellate period.

    (v) "Lender-Placed Insurance" means hazard insurance placed pursuant to a mortgage loan agreement, home equity loan agreement or home equity line of credit serviced by the HSBC Defendants and/or their respective subsidiaries and affiliates to cover a borrower's failure to maintain hazard insurance coverage on the residential property securing the loan.

    (vi) "Lender-Placed Insurance Policy" means a hazard Lender-Placed Insurance policy;

    (vii) "Release" or "Releases" means all of the releases contained in Paragraph 10.1 of the Agreement.

    (viii) "Released Claims" means all claims to be released as specified in Paragraph 10.1 of the Agreement and Subparagraphs 15(b)-(i) below.

    (ix) "Released Parties" means the HSBC Defendants and their past, present and future respective parents, subsidiaries and affiliates, the Assurant Defendants and their past, present and future respective parents, subsidiaries and affiliates, Voyager Indemnity Insurance Company and its past, present and future respective parents, subsidiaries and affiliates and all of those persons and entities otherwise released by Paragraph 10.1 of the Agreement.

(x) "Releasing Parties" means Plaintiff and all Settlement Class Members, and each of their respective heirs, beneficiaries, administrators, successors, and assigns.

(b) <u>Released Claims of Plaintiff and Settlement Class Members</u>. As of the Effective Date, Plaintiff and each Settlement Class Member shall, by operation of this Final Approval Order and Judgment, be deemed to have fully, conclusively, irrevocably, forever and finally released, relinquished and discharged the Released Parties, along with their respective past, present and former divisions, predecessors, successors and assigns, and the past, present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint ventures, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors and assigns of the Released Parties and of each and every other person and entity described in this Paragraph, from any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, promises, damages, penalties, attorneys' fees and costs, liens, judgments and demands of any kind whatsoever that each Settlement Class Member may have on or before the Effective Date or may have had in the past, whether in arbitration, administrative or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state or local law, statute, ordinance, regulations, contract, common law or any other source, that were or could have been sought or alleged in the Action or that relate, concern, arise from, or pertain in any way to any Released Party's conduct, policies or practices concerning Lender-Placed Insurance Policies placed or charged by any of the Released Parties during the Class Period.

      (i) The Release stated above shall include, but is not limited to: all claims related to any Released Party's placement of and charges for or related to Lender-Placed Insurance Policies during the Class Period; any reinsurance agreements involving any Released Party concerning Lender-Placed Insurance Policies; the relationship, whether contractual or otherwise, between the HSBC Defendants and/or their respective subsidiaries and affiliates and the Assurant Defendants and/or their respective subsidiaries regarding Lender-Placed Insurance, including, but not limited to, the procuring, underwriting, placement, tracking or sharing of costs of Lender-Placed Insurance Policies; the amount, duration and alleged excessiveness of any Lender-Placed Insurance Policies placed or charged by any Released Party; the payment or receipt of commissions, expense reimbursements, alleged "kickbacks," or any other compensation under any Lender-Placed Insurance Policies placed or charged by any Released Party; any alleged "tying" arrangement involving any Released Party and Lender-Placed Insurance; any alleged breach of fiduciary duty by any Released Party concerning Lender-Placed Insurance Policies; any alleged tortious interference by any Released Party with mortgage contracts serviced by any other Released Party; the disclosure or non-disclosure of any payment, expenses, fees, charges or feature pertaining to or under any Lender-Placed Insurance Policies placed or charged by any Released Party; the receipt or non-disclosure of any benefit under any Lender-Placed Insurance Policies placed or charged by any Released Party; the content, manner or accuracy of any communications regarding the placement of any Lender-Placed Insurance Policy by any Released Party; and to the regulatory approval or non-approval of any Lender-Placed Insurance Policy, or the premium thereon, placed or charged by any Released Party.

      (ii) The Release above shall not cover claims arising after the Effective Date, or claims for benefits made under any Lender-Placed Insurance Policy placed or charged

by any of the Released Parties. Nothing herein shall be deemed a release of any Plaintiff or Settlement Class Member's respective rights and obligations under this Order.

      (iii) Except to the extent that any such obligation is released as a Released Claim above, this Final Approval Order and Judgment shall not release Defendants from any existing obligation to Plaintiff or to any Settlement Class Member under any loan, note, mortgage or deed of trust. This provision is not meant to and does not limit the Release in Paragraph 15(b) above.

      (iv) Nothing in this Order shall operate or be construed to release any claims or rights the Released Parties have to recover any past, present or future amounts that may be owed by Plaintiff or by any Settlement Class Member on his/her accounts, loans or any other debts with any Released Party, pursuant to the terms and conditions of such accounts, loans or any other debts.

    (c) Without in any way limiting their scope, these Releases cover by example and without limitation, any and all claims for attorneys' fees, costs, expert fees or consultant fees, interest, or litigation fees, or any other fees, costs and/or disbursements incurred by Class Counsel, Plaintiff or any Settlement Class Members in connection with or related in any manner to the Action, this Settlement or the administration of this Settlement and/or the Released Claims, except to the extent otherwise specified in this Order.

    (d) In connection with the foregoing Releases, Plaintiff and each Settlement Class Member shall be deemed, as of the entry of the Final Approval Order, to have waived any and all provisions, rights, benefits conferred by Section 1542 of the California Civil Code, and any statute, rule and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

To the extent that anyone might argue that these principles of law are applicable—notwithstanding that the Parties have chosen Florida law to govern this Agreement—Plaintiff has agreed and each Settlement Class Member is deemed to have agreed that the provisions of all such principles of law or similar federal or state laws, rights, rules or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished and released.

(e) Plaintiff and/or any Settlement Class Member may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the Released Claims or the law applicable to such claims may change. Nonetheless, Plaintiff and each Settlement Class Member shall be deemed to have agreed that, as of the Effective Date, he/she shall have irrevocably waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters described in or subsumed by the Releases above. Further, Plaintiff and each Settlement Class Member shall be deemed to agree and acknowledge that they shall be bound by this Order, including by the Releases, and that all of their claims in the Action shall be dismissed with prejudice and released, without regard to subsequent discovery of different or additional facts and subsequent changes in the law, and even if they never received actual notice of the Settlement or never received a Settlement Payment.

(f) Plaintiff and each Settlement Class Member shall be deemed to agree and acknowledge that the foregoing Releases were bargained for and are a material element of the Agreement.

(g) The Releases do not affect the rights of persons in the Settlement Class who timely and properly submit a Request for Exclusion.

(h) The Agreement shall be the exclusive remedy for any and all Settlement Class Members.

(i) The Releases shall not preclude any action to enforce the terms of the Agreement, including participation in any of the processes detailed therein. The Releases are not intended to include the release of any rights or duties of the Parties arising out of the Agreement, including the express warranties and covenants contained herein.

10. No Released Party shall be subject to liability or expense for any of the Released Claims to any Settlement Class Member. All Settlement Class Members are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit (regardless of whether that lawsuit has or has not already been filed) in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims; or (ii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit, including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims.

11. Promptly after the Effective Date, Settlement Class Members shall dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class

Member in any other jurisdiction and that have been released pursuant to the Agreement and this Final Approval Order and Judgment.

12. Neither the Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order and Judgment, nor any of its terms and provisions shall be:

(a) offered by any person or received against any of the Released Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by the Defendants of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Defendants;

(b) offered by any person or received against any of the Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties or any other wrongdoing by any of the Released Parties;

(c) offered by any person or received against any of the Released Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding;

(d) offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Agreement (or any agreement or order relating thereto), including the Releases, or the Final Approval Order and Judgment.

13

13. This Final Approval Order and Judgment and the Agreement (including the Revised Exhibits thereto) may be filed in any action against or by any Released Party in order to support any defense or counterclaim, including, without limitation, those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

14. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Agreement, as modified by the Preliminary Approval Order.

15. In the event that the Effective Date does not occur, this Final Approval Order and Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.

16. This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against the Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

DONE and ORDERED in Chambers in Miami, Florida, this 29th day of October, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE